EDWARD WHITE RAWLINS v. ELIZABETH WILDE RAWLINS.

198 So. 580

Division B

Opinion Filed November 12, 1940

*Edward E. Fleming* and *Coe, Fisher & Hamner,* for Appellant;

*Evans, Mershon & Sawyer, M. L. Mershon* and *W. O. Mehrtens,* for Appellee.

PER CURIAM.—Divorce proceedings instituted by the wife terminated in a final decree granting the divorce to her on the ground of desertion. Appeal from that decree was taken by defendant husband, who, in his answer had averred that plaintiff wife was guilty of desertion, but that defendant "does not pray for any affirmative relief and on the contrary prays that the court will deny the relief sought by plaintiff in her bill of complaint on the ground that plaintiff herself is guilty of desertion."

Even if there had been sufficient evidence to grant a divorce to the husband on the ground of desertion, the averment of the answer that defendant did not pray for affirmative relief would have confronted the chancellor, and no

relief could have been granted in view of Section 35 of the Chancery Act, which provides:

"If the answer contains a counterclaim, appropriate special relief shall be expressly prayed in respect to the counterclaim, otherwise the answer shall be regarded as defensive only; but such prayer for special relief shall also be held to include any relief grantable under a prayer for general relief."

The chancellor, before whom the evidence was taken, found that the parties had lived together as man and wife for only about six weeks during their six years of married life; that the status of the parties was in effect only a contractual one; that in 1936 defendant left plaintiff at a time when they were sojourning in the home of her parents, requesting the return of a sum of money given his wife for household expenses, and later requesting the return of some wedding presents and a carving knife given him by his mother; that soon after this last departure defendant wrote a letter inviting his wife to visit him in New York, which invitation she declined; that this seems to have terminated all domestic affiliation; that there is no home involved and there are no children. The final decree granted the divorce to the wife on the ground of desertion.

The record has been examined in the light of the briefs and the oral argument of counsel for the respective parties. After careful consideration, we are of the opinion that there was sufficient evidence upon which the chancellor could have entered final decree for the wife; and upon the entire record it does not appear that any harmful error was committed by the chancellor below. The final decree is therefore affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.